UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM M., | : |
|    Plaintiff, | : |
| | : |
| v. | : Civil No. 3:17CV1681(AWT) |
| | : |
| KILOLO KIJAKAZI, | : |
| ACTING COMMISSIONER | : |
| OF SOCIAL SECURITY[1], | : |
|    Defendant. | : |

**RULING ON MOTIONS FOR ATTORNEY'S FEES**

For the reasons set forth below, the plaintiff's application for attorney's fees under 28 U.S.C. § 2412 is being granted in part and denied in part, and the motion by plaintiff's counsel for attorney's fee pursuant to 42 U.S.C. § 406(b) is being granted.

**I.   Factual and Procedural Background**

Plaintiff's counsel represented the plaintiff in a civil action before this court for judicial review of the unfavorable decision of the Commissioner of Social Security.  The court reversed and remanded the case for further proceedings following

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021 and is substituted for Nancy A. Berryhill as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.") and the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

a motion for voluntary remand filed by the Commissioner made after the plaintiff's motion to reverse the decision of the Commissioner was filed.  After remand by this court, an Administrative Law Judge issued a fully favorable decision dated June 26, 2020, finding the plaintiff disabled with an Onset Date of August 1, 2014.  Thereafter, on March 7, 2021, the Social Security Administration issued a Notice of Award, finding that the plaintiff was due $118,544.00 in total past-due benefits for the period August 1, 2014 to January 2021.

There are two statutes that address attorney's fees in the context of Social Security appeals: the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), and Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b).  "Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"  Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)(citing Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186).

Here plaintiff's counsel seeks an award under both provisions and has filed a separate motion with respect to each.

**II. Discussion**

    **A.  Attorney's Fees Pursuant to the EAJA**

On May 7, 2019, the plaintiff filed an application for attorney's fees pursuant to 28 U.S.C. § 2412, requesting

$10,164.29 for 50.1 hours of work at a de facto hourly rate of $202.88 and $16.00 for postage and copying charges.

The defendant opposes the request.  The defendant contends that 50.1 hours is excessive and unreasonable given counsel's experience, representation at the administrative level, the size of the record, and the routine nature of the issues.  The defendant asserts that it is appropriate to make a 16.5-hour reduction to be consistent with the twenty- to forty-hour benchmark.  This would result in a total of $6,779.06 for 33.5 hours of work at a de facto hourly rate of $202.36.

The defendant does not challenge the timeliness of the application, the plaintiff's prevailing party status, or the hourly rate.  The defendant does not assert that its position was substantially justified.

Pursuant to the EAJA,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  "The clearly stated objective of the EAJA is to eliminate financial disincentives for those who would defend against unjustified governmental action and thereby deter the unreasonable exercise of Government authority."  Vacchio v.

Ashcroft, 404 F.3d 663, 670 (2d Cir. 2005)(citing Ardestani v. INS, 502 U.S. 129, 138 (1991) (citing Congressional findings and purposes)).

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . . Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, . . . .
>
> . . . . The court necessarily has discretion in making this equitable judgment.

Hensley v. Eckerhart, 461 U.S. 424, 433–37 (1983).[2]

> "Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotations omitted); Cobb v. Astrue, No. 3:08CV1130 (MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009).
>
> . . . .
>
> [R]eduction is warranted to account for the experience of counsel and apparent efficiencies relating to the use of research and writing from prior motions.[] Rivera v. Colvin, No. 3:14-CV-1012(WIG), 2016 WL 1363574, at *2 (D. Conn. Apr. 6, 2016)("The relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.")(citing Seggerman v. Colvin, No. 3:11CV1219 (JBA), 2014 WL 2534876, at *3 (D. Conn. June 5, 2014)).

---

[2] The standard set forth in Hensley, which was not a Social Security matter, is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party[]'". Hensley, 461 U.S. at 433, n.7.

4

Richardson v. Berryhill, No. 3:15CV01452 (HBF), 2018 WL 3218661, at *2 (D. Conn. July 2, 2018).

### 1. The Relevant Factors

#### a. Administrative Record

Here, the record is 692 pages, a size courts "typically see[] in a Social Security case". Bluman v. Berryhill, No. 15-CV-627-FPG, 2017 WL 3910435, at *2 & n.3 (W.D. New York Sept. 6, 2017)("Courts in other districts have also noted that a Social Security transcript is often around 700 pages. See, e.g., Roth v. Comm'r of Soc. Sec., No. SAG-14-62, 2015 WL 567168, at *2 (D. Md. Feb. 10, 2015) (describing a 412-page record as "quite short" and noting that Social Security appeals "regularly involve records in excess of 700 pages"); Mandrell v. Astrue, No. 06-cv-612-JPG, 2008 WL 2704894, at *3 (S.D. Ill. July 9, 2008)(describing an 820-page record as "larger than average"); Ubel v. Colvin, No. 13-875 (JRT/JJG), 2014 WL 2009051, at *2 (D. Minn. May 16, 2014) (describing an 879-page record as "a little longer than average"); Elstun v. Comm'r of Soc. Sec., No. 6:12-cv-01811-MA, 2014 WL 667587, at *3 (D. Or. Feb. 20, 2014) (describing a 1,208-page record as "above average, but not to an extraordinary extent").").

#### b. Complexity or Novelty of Issues

The plaintiff does not claim that the factual and legal issues here are unusually complex or novel.  They

5

are, in fact, ones typically seen in Social Security cases:

> First, the Defendant improperly rejected the opinion of the treating physician[], because it was not based on objective medical evidence of impairment. Secondly, the Defendant weighed the evidence and found in favor of state agency consultants, but failed to follow the regulations in weighing the evidence. Third, the Defendant furthermore found that the Plaintiff's "impairments could reasonably be expected to cause symptoms, but ". . [.], the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 27. . . . The last error assigned is that the Defendant arrived at an RFC that did not honor the evidence of impairment because of the errors throughout th[e] decision.

Pl.'s Mot. to Reverse (ECF No. 17-2) at 5-6.

### c. Experience

Plaintiff's counsel has at least 21 years of experience. See Decl. of Att'y Meryl Anne Spat (ECF No. 23) at 4. She was admitted to practice in the District of Connecticut in January of 1990 and has represented plaintiffs in at least 82 Social Security matters. See id. at 4-6.

### d. Administrative Proceedings

Plaintiff's counsel represented the claimant during the administrative proceedings in this matter. See Appointment of Representative Spat dated 11/6/2015 (R. 153), 1/23/17 Hr'g Tr. at R. 59, and ALJ opinion at R. 22.

6

### 2. The Defendant's Objections

#### a. Clerical or Administrative Tasks

The plaintiff requests 1.1 hours for clerical tasks.  The defendant challenges these requests because clerical tasks are not compensable under the EAJA.

For December 14, 2017, the entry for .25 of an hour reads "Consent to magistrate jurisdiction[,] drafted emailed; certification of service; and filed ECF".  Professional Services Rendered (ECF No. 23-3) at 1.  For July 7, 2018, the entry for .20 of an hour reads "File reply memorandum".  Id. at 2.  For December 29, 2018, the entry for .20 of an hour reads "Refiled Plaintiff's memorandum".  Id.  For May 7, 2019, the entry for .25 of an hour reads "Filed EAJA with assignment of fees[,] forwarded to Attorney Norwood".  Id.  For November 1, 2017, the entry for .20 of an hour reads "Green cards from SSA received[,] certification received[,] filed".  Id. at 1.

Here, there was no consent to magistrate jurisdiction so it is not apparent that the December 14, 2017 entry was made in the right case.  In addition, receiving, filing, refiling and forwarding documents are clerical, non-compensable tasks.  See Seggerman v. Colvin, No. 3:11 CV 1219(JBA), 2014 WL 2534876, at *4 (D. Conn. Jun. 5, 2014)("[D]ownloading documents for service, preparing instructions . . . and assembling papers for service, all . . . fall within the category of clerical tasks, which are

7

not compensable under the EAJA")(citing Lee v. Asture, No. 3:09 CV 1575(CSH(JGM), 2011 WL 781108, at *4 (D. Conn. Feb. 28, 2011)("[C]lerical tasks such as filing the complaint and receiving return of service, are not compensable under the EAJA".)(internal quotation marks and citation omitted). Thus, the court will reduce the hours submitted by 1.1, leaving 49 of the 50.1 hours.

### b. Batch Billing

The defendant challenges two instances of batch billing that include clerical and attorney tasks because plaintiff's counsel failed to provide "meaningful detail" and because clerical tasks are not compensable under the EAJA. EAJA Opp'n (ECF No. 24) at 11.

The August 19, 2017 entry for 2.0 hours reads:

> Initial file review on receiving notice of denial by Appeals Counsel [sic]; file review to determine whether there are appealable error and strength of medical evidence and rationale expounded in ALJ Denial; **telephone call to schedule office consultation**.

ECF No. 23-3 at 1 (clerical task emphasized).

The March 15, 2019 entry for 1.75 hours reads:

> Follow up Office consultation with client provide copy of Judge Thompson's decision for his records; counsel regarding new hearing procedure and answer questions about remanded hearing; **documents executed for remand**.

ECF No. 23-3 at 2 (clerical task emphasized). "[T]he inclusion of clerical tasks in block entries warrants a reduction of

8

time". Beck v. Astrue, No. 3:11CV01185 (JCH), 2013 WL 1296494, at *2 (D. Conn. Mar. 26, 2013), report and recommendation adopted, No. 3:11-CV-1185 (JCH), 2013 WL 3853444 (July 24, 2013). Thus, the court will reduce the hours submitted by .1 of an hour per entry for a total of .2 of an hour, leaving 48.8 of the 50.1 hours.

### c.  EAJA Fee Application

Plaintiff's counsel requests 2.5 hours for preparation of the EAJA documents. The defendant contends that a reduction of 1.5 hours is appropriate because of the boilerplate, clerical, and recycled nature of the plaintiff's submissions.

"[I]n this District, judges have routinely allowed a plaintiff's attorney to bill up to two hours for preparing an EAJA petition." Richardson, 2018 WL 3218661, at *3 (citing cases and awarding 1.2 hours).

> "Where the Government concedes that the plaintiff is the prevailing party and that there is substantial justification for an award of fees, calculating the *amount* of fees is essentially a clerical task." Ruling and Order Granting Mot. for Attorney Fees, Crossman v. Astrue, No. 3:08cv1823 (MRK) (D. Conn. Oct. 1, 2010), ECF No. 50.

Taylor v. Astrue, No. 3:09CV1791 (MRK), 2011 WL 1752239, at *3 (D. Conn. May 9, 2011) (reducing 4 hours and 54 minutes to 1 hour where "it appears that the motion for attorney fees was *also* largely copied verbatim from similar motions that [the] attorney previously submitted in other Social Security cases.").

9

In Rodriguez v. Astrue, No. 3:11CV0459 (MRK) (WIG), 2012 WL 3744700, at *2 (D. Conn. Aug. 28, 2012), plaintiff's counsel in this matter filed an EAJA fee application and requested 2.65 hours for preparing it. In Rodriguez, the court wrote:

> Defendant asks the Court to reduce to 1.0 hour the 2.65 hours spent on June 7, 2012, in drafting an EAJA fee petition. Plaintiff's fee application consisted of a motion that was three pages in length and a two-page affidavit of counsel, with a copy of counsel's time records also two-pages in length. The Court agrees that the amount of time spent in preparing this application was excessive, given that the motion and affidavit are largely boilerplate. See Taylor, 2011 WL 1752239, at *3 (allowing counsel to bill only 1.0 hour for an EAJA motion for attorney's fees that was copied largely verbatim from other similar motions submitted by counsel). Accordingly, the Court will reduce the requested fees for this entry to 1.0 hour.

Rodriguez v. Astrue, No. 3:11CV0459 (MRK)(WIG), 2012 WL 3744700, at *2 (D. Conn. Aug. 28, 2012).

Here, the defendant gives examples of the boilerplate nature of the plaintiff's application and affidavit:

> For instance,
>
> > 1- on page three of her Memorandum in Support of Application for Attorney's fees under the EAJA, counsel states she "expended 38.5 hours in preparation and presentation of the plaintiff's case," however, on page one of her affidavit, she requests compensation for "50.1 hour [of] work" (See EAJA Mot at 1);
> >
> > 2- counsel filed duplicate copies of her affidavit (Compare EAJA Mot at 1-3 with EAJA Mot at 15-18).
> >
> > 3- on page three of her "Application and Affidavit," counsel certifies that she electronically delivered her memorandum and affidavit to an agency attorney not involved with this matter. (See EAJA Mot at 3

10

>   (incorrectly citing Jean Del Colliano as the agency's counsel));
>
>   4- on page one of her Declaration, paragraph 1, counsel incorrectly states that she represented "Ms. Enid Montalvo" as the Plaintiff in this matter (See EAJA Mot at 4);
>
>   5- on page two of her memorandum, subheading "B," counsel incorrectly states that the "Secretary of Health and Human Services" is the Defendant in this matter (See EAJA Mot at 9); and,
>
>   6- on page 7 of her memorandum (the conclusion), counsel states that the Commissioner consented to remand ("With Defendant agency's consent to remand"). However, the Commissioner did not consent to remand, but instead litigated this matter. (See EAJA Mot at 14, ECF No. 18).

EAJA Opp'n (ECF No. 24) at 12.

The defendant concedes that the plaintiff is a prevailing party and does not contend that its position was substantially justified. Plaintiff's counsel appears to have copied parts of the application from one she filed on June 26, 2018 in Montalvo v. Colvin, 3:17-cv-01145 (DFM), ECF Nos. 27, 27-1, where the court reduced the hours from 70.35 to 50. See Montalvo v. Colvin, 3:17-cv-01145 (DFM), Order (ECF No. 31) (D. Conn. Oct. 4, 2019). Given counsel's experience, the apparent efficiencies related to the use of research and writing from prior motions and the boilerplate, clerical, and recycled nature of the plaintiff's EAJA submission, the court will reduce the hours submitted by 1.5, leaving 47.3 of the 50.1 hours.

11

### d. The Motion to Reverse

The defendant challenges 14 of the requested "34.0 hours to draft Plaintiff's Motion to Reverse the Commissioner's Decision. (See EAJA Mot at 19-20 (Timesheet entries dated 12/14/17, 1/4/18, 1/20/18, 3/23/18, 3/25/18, 4/30/18, 5/3/18, 6/4/18, 6/6/18, 6/22/18, 6/25/18, 6/29/18, 7/16/18, 7/17/18))." EAJA Opp'n (ECF No. 24) at 5, 7-8. The defendant contends that 34 hours is excessive "given the average size of the record, the lack of complex issues involved in this case, counsel's vast experience, and her representation of Plaintiff at the administrative level" and asks the court to "reduce counsel's EAJA request to a more reasonable time expenditure within the 20-40 hour range generally deemed appropriate in social security matters". EAJA Opp'n (ECF No. 24) at 9. The defendant notes that the motion was five pages over the scheduling order limit of 40 pages and 20 pages over the suggested 25 pages for standard cases.

The Standing Scheduling Order applicable in this case reads:

> except by permission of the Court, briefs or memoranda of law shall not exceed forty (40) pages. In cases where the administrative record is not voluminous or novel issues of law have not been raised, the Court would appreciate counsel limiting their briefs or memoranda of law to twenty-five (25) pages.

12

Standing Scheduling Order – Social Security Case (ECF No. 5), III (a) at 2.  Counsel did not request permission to exceed the page limit.

The entries for drafting the motion are as follows:

| Date | Description | Hours |
|---|---|---|
| 12/14/17: | Notice of transcript download and begin review and drafting | 2.00 |
| 1/4/18: | Review and drafting stipulation of facts | 1.00 |
| 1/20/18: | Review and drafting stipulation of facts; initial research begin, listed below, re diabetes | 1.40 |
| 3/23/18: | Review and drafting stipulation of facts | 1.00 |
| 3/25/18: | Review and drafting stipulation of facts | 2.00 |
| 4/30/18: | Review stip frame argument and drafting stipulation of facts and draft Memorandum of Law in Support of Reversal or Remand | 4.00 |
| 5/3/18: | Research cases listed below, review and drafting framing issues and draft Memorandum of Law in Support of Reversal or Remand | 4.00 |
| 6/4/18: | Research case law (identified below), regs, review and draft Memorandum of Law in Support of Reversal or Remand | 4.00 |
| 6/6/18: | Research case law (identified below), regs, review and draft Memorandum of Law in Support of Reversal or Remand | 5.00 |
| 6/22/18: | Research case law (identified below), regs, review and draft Memorandum of Law in Support of Reversal or Remand | 3.00 |
| 6/25/18: | Research case law (identified below), regs, review and draft Memorandum of Law in Support of Reversal or Remand | 2.00 |

```
6/29/18:   Research case law (identified below), regs,
           review and draft Memorandum of Law in
           Support of Reversal or Remand                    1.75

7/16/18:   Draft conclusion; review facts ensure no
           issues missed, finalize argument                 2.50

7/17/18:   Drafting; reviewing medical records, taking
           notes re dates of treatment and findings;
           prepare for final proposed joint
           stipulation to Attorney Norwood                  0.35
                                                           34.00
```

Given the average size of the record; the standard nature of the issues; the expected efficiencies in light of counsel's level of experience and representation at the administrative level; the number of repeat entries with significant periods of time for drafting the stipulation of facts and drafting the memorandum of law; counsel's decision to exceed the page limit without permission; and "the Second Circuit's caution that fees under the EAJA should be awarded with an 'eye to moderation,'" Gelinas v. Colvin, 3:13 CV 891(CSH), 2014 WL 2567086, at *3 (D. Conn. June 6, 2014)(citing New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983), the court will reduce the hours submitted by 14, leaving 33.3 of the requested 50.1 hours.  This is over the midpoint of the twenty- to forty-hour benchmark and awards a reduced fee of $6,738.59 and equates to an hourly rate of 202.36.  This resolution balances the EAJA's objective to eliminate financial disincentives for defending against unjustified government action and deterring

14

the unreasonable exercise of government authority without unjustly charging the government for efficiencies and compliance exclusively under the control of plaintiff's counsel.

### 3. Costs

The plaintiff seeks $16.00 for postage and copying charges.

> [W]hile the EAJA generally waives the United States's immunity from costs and a successful claimant may recover costs against the government in a social security action, it does so "*[e]xcept as otherwise specifically provided by statute*," 28 U.S.C. § 2412(a) (emphasis added), and the in forma pauperis statute, 28 U.S.C. § 1915(f)(1), bars an award of costs against the government where a litigant proceeds under that statute.

Maida v. Callahan, 148 F.3d 190, 193 (2d Cir. 1998). Here, the plaintiff proceeded in forma pauperis (See Order granting IFP motion (ECF No. 8)). Therefore, the plaintiff is precluded from recovering the requested $16.00 for postage and copying charges.

### B. Attorney's Fees Pursuant to Section 406(b)

On March 10, 2021, plaintiff's counsel filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b), seeking an award in the amount of $29,636.00 in accordance with a June 4, 2018 contingency fee agreement for 25% of past due benefits. Past due benefits were granted in the amount of $118,544.00. Twenty-five percent of $118,544.00 is $29,636.00, and this is equal to a de facto hourly rate of $591.54.

There is no evidence of fraud or overreaching. The defendant does not challenge either the reasonableness of the

request for attorney's fees or its timeliness, and seeks a determination as to both.

### 1. Timeliness

The motion was timely filed on March 10, 2021, three days after the Notice of Award letter dated March 7, 2021, and within the 14-day filing period. See Sinkler v. Comm'r of Soc. Sec., 932 F.3d 83, 89, 91 (2d Cir. 2019)(holding that Federal Rule of Civil Procedure 54(d)(2)(B)'s 14-day filing period for attorney's fees (plus a three-day mailing period) applies to Section 406(b) petitions and begins to run when the claimant receives notice of the benefits calculation).

### 2. Reasonableness

Pursuant to Section 406(b):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"Most plausibly read . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L.Ed.2d 996 (2002). When there is a contractual

contingency fee arrangement, a court considers the following factors in gauging the reasonableness of a requested award:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535 U.S. at 808, 122 S. Ct. 1817).

With respect to the third factor—whether the award constitutes a "windfall"—courts consider the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Blizzard v. Astrue, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (quoting Joslyn, 389 F. Supp. 2d at 456-57).

Rodriguez v. Colvin, 318 F. Supp. 3d 653, 657–58 (S.D.N.Y. 2018). "[T]he most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." Hensley, 461 U.S. at 436.

Here, the contingency agreement was for 25 percent of the total past-due benefits and 25 percent of $118,544.00 equals the requested $29,636.00; counsel's efforts were successful

17

($118,544.00 in past-due benefits); and "courts within this Circuit have held" that rates "similar" to the de facto rate of $591.54 "are not a windfall . . . ." Vasquez v. Saul, 3:17-cv-00183 (WIG), 2020 WL 4812849, at *2 (D. Conn. Aug. 18, 2020)(finding $791.44 was "not a windfall" and citing cases with higher hourly rates between $1,009.11 and $2,100 that were found to be "reasonable"). See also Section 406(b) Opp'n (ECF No. 26) at n.2 (citing cases with hourly rates between $333.33 and $2,100). Unlike the boilerplate nature of the documents related to the EAJA application for attorney's fees, the plaintiff's memorandum of law involved issues of material fact that required legal research and included case specific analysis of relevant case law and factual circumstance.

Thus, the Section 406(b) motion is being granted. The court awards the requested $29,636.00 to counsel with leave to file a motion to supplement the motion for attorney's fees pursuant to 42 U.S.C. § 406(b) as set forth in paragraph 2 of the motion. See ECF No. 25 at 1-2. In light of the plaintiff's assignment of EAJA fees to counsel, upon receipt of the $29,636.00 award, plaintiff's counsel shall refund to the plaintiff the EAJA award of $6,738.59, as required by law. See Gisbrecht, 535 U.S. at 796 (citing Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186).

**III. Conclusion**

Plaintiff's Application and Affidavit for Attorney's Fees Under 28 U.S.C. § 2412 (ECF No. 23) is hereby GRANTED in part and DENIED in part, and the Motion for Attorney's Fee Pursuant to 42 U.S.C. § 406(b) (ECF No. 25) is hereby GRANTED.  The plaintiff is awarded $6,738.59 in EAJA attorney's fees, and plaintiff's counsel is awarded Section 406(b) fees in the amount of $29,636.00 with leave to file a motion to supplement if appropriate.  Upon receiving the $29,636.00 award, plaintiff's counsel shall refund to the plaintiff the EAJA award of $6,738.59.

It is so ordered.

Dated this 31st day of January 2022, at Hartford, Connecticut.

>                    /s/AWT
>             Alvin W. Thompson
>         United States District Judge